IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KATHY MCCORNACK, et al.,

                Plaintiffs,

v.                                              CIVIL ACTION NO. 2:09-cv-00671

ACTAVIS TOTOWA, LLC. et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiffs' motion for reconsideration of June 29, 2011 Order [Docket 105].

On June 29, 2011, the Honorable Mary E. Stanley, United States Magistrate Judge, entered an Order granting the defendants' motion to take a second deposition of Dr. Richard T. Mason. The plaintiffs request the court to reconsider and/or correct the Order in light of an alleged factual mistake alluded to in the following sentence on page 5: "Frankly, the court finds plaintiffs' delay in providing these documents to defendants to be inappropriate and not in keeping with the spirit of the Federal Rules of Civil Procedure." The plaintiffs argue that the referenced documents were created by the third party deponent the day before the deposition and that the plaintiffs, like the defendants, had no knowledge of the documents until the day of the deposition. The plaintiffs assert that since there was no delay on their part, the court should reconsider its decision to the extent it was based on a perception that the plaintiffs "sandbagged" the defendants.

The plaintiffs' motion for reconsideration is construed as an objection to the Magistrate Judge's Order. Federal Rule of Civil Procedure 72(a) governs appeals from rulings of a magistrate judge on nondispositive matters:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. *The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law*.

Fed. R. Civ. Proc. 72(a) (emphasis added). The United States Court of Appeals for the Tenth Circuit has observed as follows:

> Rule 72(a), and its statutory companion, *see* 28 U.S.C. § 636(b)(1), place limits on a party's ability to seek review of a magistrate judge's non-dispositive order. . . .
>
> In reexamining this question, the district court *was required* to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law."

*Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (emphasis added). A decision is clearly erroneous "when, after reviewing the entire record, a court 'is left with the definite and firm conviction that a mistake has been committed.'" *Thorne v. Wyeth*, Civ. No. 06-3123, 2007 WL 1455989, at * 1 (D. Minn. May 15, 2007) (Magnuson, J.) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F. Supp.2d 1087, 1093 (N.D. Iowa 2008).

Judge Stanley clearly set forth the parties' respective arguments, the sequence of factual events and the governing standards in her Order. The key facts are these: (1) Dr. Mason's original

deposition was conducted on October 1, 2009; (2) on the day of the deposition an amended certificate of death and autopsy report from Dr. Mason were produced which stated for the first time that Mr. McCornack died from digoxin toxicity; and (3) disclosures made by the plaintiffs on May 16, 2011 contained new opinions by Dr. Mason not set forth in the amended autopsy report and certificate of death. The basis for granting the second deposition of Dr. Mason was the finding on page 5 of the Order which states:

> Plaintiffs do not make a convincing argument as to why a second deposition should not be permitted. Dr. Mason's testimony cannot be cumulative or duplicative when defendants have not had the opportunity to question him on the new opinions first expressed in the Summary of Non-Retained Expert Opinions and not mentioned in the original deposition or to fully question him on the amended certificate of death and autopsy report. Defendants have not had ample opportunity for discovery because receipt of the amended versions of Mr. McCornack's certificate of death and autopsy report immediately prior to the deposition did not provide defendants a meaningful opportunity to depose Dr. Mason in October, 2009. . . . Finally, the burden or expense of a second deposition does not outweigh its likely benefit. Dr. Mason is indisputably an important witness.

(Docket 103 at 5).

As the defendants correctly point out in their response to the motion to reconsider, their request for relief and the court's ruling never depended on *who* did the sandbagging as between the plaintiffs and the deponent.[1] The Magistrate Judge's ruling is plainly based on the finding of prejudice to defendants in the event that they would be prohibited from conducting a second

---

[1] The defendants suggested in their response that the court should consider an award of sanctions against the plaintiffs. They assert that the plaintiffs refused defendants' request to produce Dr. Mason for the second deposition on a day adjoining the deposition of another witness, Keith Gibson, in central California. Conducting the depositions during the same trip would have undoubtedly saved the defendants the inconvenience of additional travel and costs. The docket indicates, however, that the deposition of Mr. Gibson was noticed for June 14, 2011 and the Order granting leave to conduct the second deposition of Dr. Mason was not entered until June 29, 2011. The defendants request for consideration of sanctions is **DENIED**.

deposition. It is neither clearly erroneous nor contrary to law. Accordingly, the Order is **AFFIRMED** and the motion for reconsideration is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 14, 2011

Joseph R. Goodwin, Chief Judge