IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KATHY MCCORNACK, et al.,

        Plaintiffs,

v.                                              CIVIL ACTION NO. 2:09-cv-00671

ACTAVIS TOTOWA, LLC. et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is the notice of plaintiffs' motion to strike defendants' response in support of bill of costs [Docket 161]. The court construes this notice as a motion to strike. Also pending is the defendants' motion to extend time to file defendants' response in support of bill of costs [Docket 165].

The defendants were granted summary judgment in this action on November 3, 2011. On December 2, 2011, the defendants timely submitted a bill of costs on the form supplied by the Clerk and available on the court's website. On December 16, 2011, the plaintiffs made specific objections to various items of costs filed by the defendants by filing "Plaintiffs' Opposition to Defendants' Bill of Costs" [Docket 156]. On December 19, 2011, the defendants contacted the court and left a message giving notice that they would be filing a response to the opposition. On January 9, 2012, the defendants filed a "Response in Support of Bill of Costs" [Docket 160]. On the same day the plaintiffs filed the instant motion to strike the defendant's response. A response

and a reply concerning the motion to strike were timely filed. On January 11, 2012, in the event the court concluded that a bill of costs is a motion subject to the timing procedures of Local Rule of Civil Procedure 7.1, the defendants filed a motion to extend time to file a response in support of the bill of costs.

The plaintiffs argue in their motion to strike that the defendants' response, in essence a reply to their opposition, was filed more than two weeks late in violation of Local Rule of Civil Procedure 7.1(a)(7) which states that the filing deadline for reply memoranda is 7 days from the date of service of the memorandum in response to the motion. They also assert that defendants improperly raised new issues and presented new evidence in their response in an effort to cure deficiencies in their original costs bill. The plaintiffs argue that the defendants' reply was due no later than December 23, 2011, under the Local Rule and that they did not seek leave for an extension.

In their response to the motion to strike the defendants argue that a bill of costs is not a motion and thus the Local Rule of Civil Procedure on the timing of a reply does not apply. In support of that argument they assert that a bill of costs is not directed to the court but to the Clerk and that Federal Rule of Civil Procedure 54 and Local Rule 54.1 lend substance to that distinction. They point out that pursuant to Federal Rule of Civil Procedure 54(d) "costs – other than attorney's fees- should be allowed to the prevailing party" and under Local Rule 54.1 costs are submitted to the Clerk on the form supplied by the Clerk. On the other hand, under Federal Rule 54, claims for attorney's fees are made by motion to the court. The defendants further argue that Federal Rule 54 provides the procedure to challenge costs by motion after the Clerk has taxed them but does not provide a procedure for challenging costs before the Clerk has taxed them as the plaintiffs have done here. The defendants acknowledge that once a challenge occurs

to the Clerk's taxation the local rules of civil procedure would dictate the deadlines for an opposition and a reply.

The defendants argue that the plaintiffs' opposition to the bill of costs, contemplated by Local Rule 54.1, is by necessity styled as an opposition and is not a "brief in opposition to motion" since there is no taxation of costs for the court to review on motion. They further assert that where the Federal and Local Rules of Civil Procedure do not prescribe a specific time limit that a party need only respond within a reasonable time following the general dictate of Federal Rule of Civil Procedure 1 that the rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." They argue that filing a response in support of their bill of costs was timely and reasonable given that it was filed in less than 30 days following the plaintiffs' opposition and it should not be struck because the rules are silent as to the deadline to respond to the opposition.

In the event the court concludes that a bill of costs is a motion subject to the timing procedures of Local Rule 7.1, the defendants' filed a motion to extend time to file a response in support of the bill of costs. They argue that the applicable procedural rules can plausibly be read to be silent as to the deadline to respond to an opposition to a bill of costs where the Clerk has not yet taxed costs. They assert that under such circumstances a Federal Rule of Civil Procedure 6(b) extension should be granted for their response because their neglect, if any, was excusable due to the ambiguity. They assert they acted in good faith by contacting the court before any purported deadline to give notice of a forthcoming response and filing the response within a reasonable period of time according to a plausible reading of the rules. They also note that in over three years of litigation before this court they have never missed a deadline. They also

assert there is no prejudice to the plaintiffs because the Clerk has not taxed any costs and the defendants' response will have no impact on the plaintiffs' appeal.

The plaintiffs argue in their reply in support of the motion to strike that under Rule 7(b) of the Federal Rules of Civil Procedure a request for a court order must be made by motion. They surmise that the defendants' bill of costs sought a court order awarding them money and was therefore a motion subjecting them to the timing of Local Rule 7 as it relates to a reply. They argue that the Clerk, like a district judge, is an employee and representative of the court to which the defendants applied for a court order.

Without reaching the substance of whether or not a bill of costs is a motion and thus subject to the deadlines in Local Rule of Civil Procedure 7.1, I am going receive and allow the Clerk to consider the defendant's response in support of their bill of costs. This will provide the Clerk the benefit of the most complete information as she performs her assessment and taxation of the bill of costs and its voluminous record. The motion to strike is hereby **DENIED** and the motion for an extension is **DENIED** as moot.

ENTER: January 26, 2012

Joseph R. Goodwin, Chief Judge